# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2019

Lyle W. Cayce
Clerk

No. 18-40667
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO ROCHA-GUAJARDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1361-2

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Arturo Rocha-Guajardo appeals the sentence imposed following his guilty plea conviction for conspiracy to transport aliens within the United States. Rocha-Guajardo challenges the application of offense-level enhancements for brandishing a dangerous weapon, bodily injury, and detainment by coercion or threat. *See* U.S.S.G. § 2L1.1(b)(5)(B), (7)(A), (8)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40667

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Jordan*, 851 F.3d 393, 399 (5th Cir. 2017). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013) (quoting *United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997)). "Ultimately, the district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *Id.* at 618–19 (quoting *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005)).

Rocha-Guajardo contends that there was insufficient evidence to support the dangerous weapon, bodily injury, and detainment by coercion or threat enhancements. He argues primarily that the presentence report (PSR) relied on unreliable and uncorroborated hearsay evidence from material witnesses in recommending the enhancements. According to the PSR, at least one material witness stated that Rocha-Guajardo brandished a firearm while present at the stash house; pistol whipped an undocumented alien, resulting in a bleeding head wound; kicked and punched two individuals who attempted to escape the stash house; and that a co-conspirator threatened, while holding a gun, to shoot anyone who left the stash house without permission. The district court found at the sentencing hearing that this information was sufficiently reliable.

Although Rocha-Guajardo denied brandishing a weapon or hurting or threatening anyone, the district court implicitly found that he was not credible. The district court "was in the best position to weigh the credibility of the testimony" and "[w]e will not second guess" its credibility finding. *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997). Rocha-Guajardo did not offer any other trustworthy evidence to establish that the statements in the PSR were inaccurate or materially untrue. *See United States v. Cervantes*, 706

No. 18-40667

F.3d 603, 620–21 (5th Cir. 2013). Accordingly, the district court's factual findings were plausible and not clearly erroneous.

Moreover, with respect to the detainment enhancement, the district court appropriately held Rocha-Guajardo accountable for the actions of his co-conspirator. These actions were in furtherance of, and reasonably foreseeable in connection with, the jointly undertaken alien transporting offense. *See* U.S.S.G. § 1B1.3(a)(1)(B) (2016). Rocha-Guajardo argues for the first time on appeal that the district court failed to make particularized relevant conduct findings. We perceive no error, plain or otherwise, in the district court's findings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Carreon*, 11 F.3d 1225, 1236 (5th Cir. 1994).

The district court's judgment is AFFIRMED.